IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kanzora N. Robinson, ) | C.A. No. 3:09-208-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| ) | |
| ) | |
| John E. Potter, Postmaster General United States ) | |
| Post Office, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on November 9, 2010. For the reasons set forth below, the Report is adopted, and Defendant's motion for summary judgment is granted in part and denied in part. The matter shall proceed to trial as to the surviving claim under the schedule set forth at the conclusion of this order.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Through this action, Plaintiff seeks recovery for various alleged employment actions and an allegedly hostile work environment. Prior to entry of the Report, Plaintiff abandoned her claims for disparate treatment, disparate discipline, and hostile work environment based on gender. The matter is now before the court on Defendant's motion for summary judgment as to Plaintiff's claims for (1) retaliation (including, *inter alia*, suspension or termination) for engaging in protected activity and (2) retaliatory hostile work environment. The Report recommends that Defendant's motion be granted to the extent Plaintiff asserts a separate claim for hostile work environment because the allegations that "she was subjected to undeserved discipline, disparate and unfavorable treatment, and a hostile and negative attitude by her supervisor for filing EEO complaints do not rise to the level of being so severe and pervasive as to create a hostile work environment as that term has been defined by applicable case law." Dkt. No. 39 at 11. Nonetheless, the Report notes that this "alleged conduct may provide evidence of unlawful retaliation" in support of Plaintiff's retaliation claim.

The parties were advised of their right to object to the Report. Despite passage of the time to do so, neither party has filed an objection. This court has, therefore, reviewed the Report for clear error. Finding none, the court adopts the rationale and recommendation of the Report and grants Defendant's motion as to the hostile work environment claim, leaving the retaliation claim for trial under the schedule set forth below.

## TRIAL SCHEDULE

The pretrial and trial schedule shall be as follows:

1. No later than **December 15, 2010**, the parties shall advise the court as to the anticipated length of trial and whether the remaining claim should be tried jury or non-jury.

2. No later than **December 21, 2010**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within twenty-one (21) days* thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

    * In light of the intervening holidays, the court has allowed 21, rather than the usual 14 days for completion of this task. No additional extensions will, therefore, be granted based on the holiday schedule.

4. Motions in limine must be filed at least three weeks prior to jury selection.

5. The parties shall file pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[1] Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. This case shall be called for trial during the term of court beginning with jury selection on **February 24, 2011**.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and (1) summary judgment is granted as to Plaintiff's claim for retaliatory hostile work environment; (2) Plaintiff's claim for retaliation shall proceed to trial under the schedule set forth above; and (3) Plaintiff's other claims are voluntarily dismissed with prejudice.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 1, 2010

---

[1] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.