# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Kanzora N. Robinson, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> John E. Potter, Postmaster General, ) <br> United States Post Office, ) <br> ) <br> Defendant. ) <br> ) | C/A No.: 3:09-cv-0208-CMC <br><br> **OPINION AND ORDER** <br> **DENYING MOTION** <br> **FOR NEW TRIAL** |

This case came before the court on March 28, 29, and 30, 2011, for jury trial on Plaintiff Kanzora N. Robinson's claim of retaliatory discharge in violation of Title VII against her former employer, Defendant John. E. Potter. Trial was held and resulted in a jury verdict for Defendant. This matter is now before the court on Plaintiff's motion for new trial filed pursuant to Federal Rule of Civil Procedure 59. For the reasons set forth below, Plaintiff's motion is denied.

## STANDARD

A trial court may only grant a new trial under three specific conditions: the verdict (1) "is against the clear weight of the evidence; (2) is based on evidence which is false; or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 650 (4th Cir. 2002) (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir.2001)). The court may weigh the evidence and consider the credibility of witnesses in deciding a motion for a new trial. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998) (citing *Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989)).

## DISCUSSION

Plaintiff moves for a new trial on the ground that the jury's verdict was against the clear weight of the evidence. Dkt. No. 91. At trial, Plaintiff's claim was based on retaliation under Title VII. To succeed on her claim, Plaintiff had to prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) her employer took adverse action against her; and (3) there was a causal link between the protected activity and the adverse action. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005) (citing 42 U.S.C. § 2000 e-3(a)). The first two elements of Plaintiff's claim were undisputed; therefore, the only issue for the jury was the causation element. Defendant presented evidence of a legitimate, nondiscriminatory reason for taking adverse action against Plaintiff - that Plaintiff was terminated for creating a hostile work environment and threatening her supervisor on March 12, 2010. Plaintiff argues that she demonstrated that Defendant's reason for terminating Plaintiff was merely pretextual, and, therefore, the jury's verdict in favor of Defendant went against the clear weight of the evidence.[1]

The events of March 12, 2010 were vigorously disputed at trial, specifically whether or not Plaintiff made the threats to her supervisor which allegedly led to Plaintiff's termination. Plaintiff introduced her own testimony and testimony of other witnesses that she never threatened her supervisor. Plaintiff also introduced a secret audio recording she made on March 12, 2010 of the events at issue in which Plaintiff could not be heard threatening her supervisor. However, Defendant introduced evidence that the tape was an incomplete record of the events of March 12, 2010 and challenged Plaintiff's credibility. Plaintiff's supervisor testified that Plaintiff made the alleged

---

[1] Plaintiff argues that she provided the following conclusive evidence that Defendant's articulated reasons for terminating Plaintiff were pretextual: "(1) All witnesses there at the time of the alleged statement did not hear the alleged threats; (2) [Plaintiff] has always denied the threats; and (3) Plaintiff produced an audio tape of the events of the morning clearly establishing, by the greater weight of the evidence, that the threats were not made." Dkt. No. 91 at 2.

threats although they were not captured on the tape, and other postal employees testified that additional statements made that morning were not on the tape. Whether the recording was a complete record of statements made on March 12, 2010 and whether Plaintiff made the alleged threats were ultimately questions of fact for the jury to decide. Therefore, a jury's finding that Defendant's articulated reason for terminating Plaintiff was not pretextual would not have gone against the weight of the evidence.

In addition, the jury was instructed that even if they found that Defendant's reason for terminating Plaintiff was false or pretextual they could but were not required to draw an inference of unlawful discrimination in violation of Title VII. Therefore, had the jury found Defendant's reasons for terminating Plaintiff were mere pretext, that would not have precluded a finding in Defendant's favor. Evidence was presented of a history of personality conflicts between Plaintiff and her supervisor which the jury could have found led to Plaintiff's termination and were causally unrelated to Plaintiff's participation in protected activities.

The court finds that there was substantial evidence introduced at trial from which a reasonable fact finder could have concluded that Plaintiff's termination was not causally related to engaging in protected activity. Therefore, the jury's verdict did not go against the weight of the evidence.

## CONCLUSION

For the reasons set forth above, the court denies Plaintiff's motion for a new trial.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 2, 2011